In re Joanne PARKER, Debtor.

No. 02–33595.

United States Bankruptcy Court,
D. Connecticut.

Feb. 27, 2004.

Eugene S. Melchionne, Waterbury, CT, for Debtor.

Maurice B. Mosely, Office of the Corporation Counsel, Waterbury, CT, for City of Waterbury.

## MEMORANDUM OF LAW ON OBJECTION TO CLAIM

ALBERT S. DABROWSKI, Chief Judge.

### I. Introduction

The instant matter requires the Court to explore the impact upon a confirmed Chapter 13 Plan of a creditor's post-confirmation amendment of a timely-filed and treated proof of claim. For the reasons which follow, the Court concludes that the

increase in the creditor's claim represented by the amendment is presently unenforceable and therefore, the claim amendment should be disallowed.

## II. Factual and Procedural Background

On July 26, 2002, Joanne Parker (hereafter, the "Debtor") commenced this Chapter 13 case through the filing of a bankruptcy petition. In connection with that filing, a bar date of January 22, 2003 was established for the filing of proofs of claim by governmental entity creditors (hereafter, the "Deadline"). On August 23, 2002, the City of Waterbury (hereafter, the "City") filed four separate proofs of claim (Claim Nos. 2, 3, 4 and 5) for priority motor vehicle taxes (hereafter, the "Tax Claims"). The aggregate amount of such Tax Claims was $642.56. Claim No. 3—relating to Tax Acct. No.2001–41281—was filed in the amount of $113.00 (hereafter, the "Original Claim").

On August 12, 2002, the Debtor filed her initial Chapter 13 Plan (hereafter, the "Plan"). Presumably because the Tax Claims had not yet been filed, the Plan did not particularize the amount of those claims, but stated generally that "[a]ll claims entitled to priority under 11 U.S.C. 507" would be "paid in full in deferred cash payments as required by 11 U.S.C. 1322(a)(2)." On September 4, 2002, the Clerk issued a Notice of Hearing scheduling a November 21, 2002 confirmation hearing on the Plan (hereafter, the "Initial Confirmation Hearing"). The Notice of Hearing, but not the Plan,[1] was served upon the City and its counsel on or about September 7, 2002.

The Initial Confirmation Hearing was convened on November 21, 2002, but was continued to January 23, 2003 in open court. On November 22, 2002, the Debtor filed a First Amended Chapter 13 Plan (hereafter, the "First Amended Plan"). With obvious reference to the Tax Claims, the First Amended Plan particularized its treatment of those claims by inclusion of the following provision:

> "All claims entitled to priority under 11 U.S.C. 507 shall be paid in full in deferred cash payments as required by 11 U.S.C. 1322(a)(2) as follows:
>
> Motor Vehicle  $642.56  due  City of Waterbury +0.0%"

The City was served with a copy of the First Amended Plan, although its counsel, who had formally requested notice, was not served.

On January 23, 2003—the date of the continued confirmation hearing (hereafter, the "Final Confirmation Hearing")—the Debtor filed her Second Amended Chapter 13 Plan (hereafter, the "Second Amended Plan"), which was then confirmed at the Final Confirmation Hearing. The Second Amended Plan contained the identical treatment of the Tax Claims as did the First Amended Plan. The City did not object to confirmation of any of the Debtor's plans.[2]

On March 21, 2003, nearly two months post-confirmation, the City filed another proof of claim relating to Tax Acct. No.2001–41281. That Proof of Claim (Claim No. 12) was denominated by the City as an "Amended Proof of Claim" (hereafter, the "Amended Claim"), purporting to "amend" the Original Claim. The Amended Claim was stated in the amount of $222.19, and seeks to correct what the City now alleges to be a clerical error in the Original Claim.

---

1. Due to an error by the Clerk, the Chapter 13 plan of a debtor other than Joanne Parker was associated with the Notice of Hearing.

2. In addition, in the instant matter the City has not alleged any notice deficiency in the conduct of this case.

On April 4, 2003, the Debtor filed an objection to the Amended Claim (hereafter, the "Objection"), arguing that such claim was (i) untimely—under Bankruptcy Rule 3002(c)(1) and the doctrine of laches—and (ii) barred by the confirmation of the Second Amended Plan under the terms of Bankruptcy Code Section 1327. A hearing on the Objection was scheduled for, and conducted on, May 29, 2003, at which time the Court solicited written memoranda from the parties. On July 25, 2003, the City filed its memorandum of law in support of the Amended Claim; and on July 31, 2003, the Debtor filed its memorandum of law in support of its Objection.

### III. Discussion

■ It is undisputed that the Amended Claim was filed well after the Deadline, and thus, is untimely under the terms of Bankruptcy Rule 3002(c). Nonetheless, bankruptcy law permits post-bar date amendments whose purpose is, *inter alia,* to cure a defect in a prior, timely-filed claim. *See, e.g., In re South Atlantic Financial Corp.,* 767 F.2d 814, 819 (11th Cir.1985). The record in this matter provides ample support for the City's argument that its Amended Claim is simply an instrument through which it seeks to cure a defect in the Original Claim; and that purpose is not seriously disputed by the Debtor.[3] Accordingly, there is no basis for a pure timeliness objection to the Amended Claim.

Nonetheless, the "timeliness" of the Amended Claim is not determinative of the present rights between the parties in relation to the debt represented by that claim. Rather, those rights are determined by reference to Bankruptcy Code Section 1327.

Under the terms of Bankruptcy Code Section 1327(a), "[t]he provisions of a confirmed [Chapter 13] plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." Here, the terms of the confirmed Second Amended Plan provided for payment to the City on its priority Tax Claims *only to the extent of $642.56* in the aggregate. Thus, under the terms of Section 1327(a), $642.56 is the maximum amount which the Debtor must pay the City on its priority claims under the Second Amended Plan. Treatment of the Amended Claim would raise the aggregate priority payment to the City to $751.75, which exceeds the terms of the Second Amended Plan by $109.19 (hereafter the "Incremental Increase"). Thus the Incremental Increase is provisionally unenforceable against the Debtor.[4]

■ Because, under Section 1327, the Incremental Increase represented by the Amended Claim need not be addressed by the Debtor, the pure question of the allowance or disallowance of such Amended Claim is largely academic. Nonetheless, the Court notes that Section 502(b)(1) provides that when an objection to a claim is made, the Court "shall determine the amount of such claim ... and shall allow

---

3. The legitimacy of the City's purpose—to correct a clerical error—is substantiated by the fact that the Original Claim was stated in the same amount ($113) as Claim No. 2. It is highly unlikely that the interplay of the variables determining motor vehicle tax incidence (*i.e.* vehicle assessment and mill rate) would produce precisely the same tax for a motor vehicle in two different years.

4. The Incremental Increase is unenforceable *provided that* the confirmed Second Amended Plan is completed to the point of qualification for a discharge under Section 1328. If the Second Amended Plan is not so completed, then the Incremental Increase, as well as all other unsatisfied debts, again become enforceable under applicable law.

such claim in such amount, *except to the extent that ... such claim is unenforceable* against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured ...." (emphasis supplied). Thus, because the Incremental Increase represented by the Amended Claim is unenforceable against the Debtor and her property due to the legal effect of the confirmation of her Second Amended Plan, the Amended Claim should be disallowed in its entirety.

Although Section 502(b)(1) is generally understood to refer to claims which were unenforceable *at the time the bankruptcy case was commenced,* its language is certainly broad enough to encompass a claim, such as the Amended Claim here, which has been rendered unenforceable by operation of law *during the pendency of a bankruptcy case, i.e.* by the effect of Section 1327(a). Yet, even if this broad construction of Section 502(b)(1) is inaccurate—and the Amended Claim is rendered allowable because it is *not* "unenforceable" *within the meaning of Section 502(b)(1)*—the treatment of the City's Tax Claims would be unaltered because the binding confirmation effect of Section 1327(a) operates upon allowed claims in precisely the same way as disallowed claims. That is, claim allowance alone does not impose any duty upon the Debtor to treat the Incremental Increase since Section 1327(a) and the terms of the confirmed Second Amended Plan relieve her of that obligation.

### IV. Conclusion

For the foregoing reasons, the Amended Claim shall be **DISALLOWED** in its entirety by separate order.

### ORDER ON OBJECTION TO CLAIM

The above-captioned Objection came before the Court after notice and a hearing;

and the Court having this day issued its *Memorandum of Law on Objection to Claim,* in accordance with which,

**IT IS HEREBY ORDERED** that Claim No. 12, filed by the City of Waterbury, is **DISALLOWED** in its entirety.